

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. 0-1738
Re: Legality of a Plan of
Group Insurance for Em-
ployees of the Highway
Department.

We are in receipt of your request for an
opinion of this department in answer to the questions
set out in your letter as follows:

"A plan of group insurance for em-
ployees of the Highway Department has
been submitted for the consideration of
the Executives of the Department. Among
other coverages the plan provides for
life insurance in the amount of $500.00
for all employees earning $75.00 per
month or more and $250.00 for those
earning less. It also provides that
each employee, who desires to avail him-
self of the insurance, shall execute an
assignment for a portion of his salary
equivalent to the monthly premium, which
amount would be deducted from his salary
warrant by the Comptroller, and warrant
for that amount issued by the Comptroller
to the insurance company. We desire to
know:

"(1) Would it be legal for an in-
surance company to issue a
policy of group insurance to
employees of the Highway De-
partment, which included life

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

insurance? The Department, of
course, could not pay any portion
of the premium.

"(2) Can any portion of an employee's
wages or salary, when assignment
has been given, be paid to someone
else?

"(3) Assuming that your answer to the
second inquiry is 'yes', and that
some plan of group insurance was
recommended to the employees of
the Department and that several
thousand of our employees bought
the coverage and made assignments
authorizing payroll deduction;
this would require a great deal
of extra work on the part of our
accountants in making up addition-
al payrolls, etc. Would it be
legal to use our accountants for
this purpose?"

We are unable to find any reason why employees
of the Highway Department should not be allowed to avail
themselves of group insurance. This would be purely a
private undertaking, and there is nothing in their em-
ployment by the State of Texas which would prohibit such
an enterprise on their part.

In answer to your questions numbered (2) and
(3), we pay particular attention to your statement that
the adoption of the plan proposed would require a great
deal of extra work on the part of the accountants of the
Highway Department. There is no need of discussing the
feasibility or legality of any plan which would require
the use of state employees for a private purpose.

Article XVI, Section 6, Constitution of Texas,
provides:

"No appropriation for private or individual
purposes shall be made. A regular statement,
under oath, and an account of the receipts and
expenditures of all public money shall be pub-
lished annually, in such manner as shall be

725

prescribed by law."

From the above quoted provision it may be seen that the Legislature does not have the authority to appropriate money to be used for a private or individual purpose. It therefore follows beyond question that money which the Legislature has appropriated may not be used for such a purpose. To use state employees as accountants for a group of employees taking out group insurance, would be to use such employees for a private purpose, and would be the expenditure of state money for a private purpose. Any plan of group insurance which makes this requirement is unauthorized and may not be approved.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By **Billy Goldberg**

Billy Goldberg
Assistant

APPROVED FEB 10, 1940

BG:LW

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

K